# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISSA CUEN and PATRICIA J. GONGORIA,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>JAMES TUCKER, Individual and Doing Business As J.T. Towing Company, et al.,<br><br>                              Defendants. | CASE NO. 09cv1904 DMS (BLM)<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>**[Docket No. 5]** |

This matter comes before the Court on Plaintiffs' motion to remand this case to El Centro Superior Court. Defendants County of Imperial and Richard E. Sotelo have filed oppositions to the motion. Plaintiffs did not file a reply. After reviewing the parties' briefs, the Court requested supplemental briefing on whether Plaintiffs had effected service of process of the Third Amended Complaint upon Defendants Tucker and Dorame. Plaintiffs filed their supplemental brief on November 9, 2009. Defendants Sotelo and County of Imperial filed their supplemental briefs on November 13, 2009. After a thorough review of the issues, the Court denies Plaintiffs' motion.

## I.
## BACKGROUND

On November 1, 2007, Officers from the Narcotics Task Force ("NTF") of the Imperial Valley Sheriff's Department, including Defendant Richard Sotelo, raided Plaintiff Marisa Cuen's home in El Centro, California, and arrested her, her husband Luis Cuen, and Plaintiff Patricia Gongoria for

1  possession of controlled substances for sale or purchase in violation of California Health and Safety
2  Code § 11351.  (Mem. of P. & A. in Supp. of Mot. at 2.)  The Department of Social Services removed
3  Plaintiff Cuen's four children from the home.  (*Id.*)  On orders from the NTF, Defendant J.T. Towing
4  Co. removed Plaintiff Gongoria's 2004 Ford F-150, and took the vehicle to its impound lot.  (*Id.*)

5        The following day, Plaintiffs went to the impound lot.  (*Id.*)  Defendant Nikki Dorame was
6  working at the lot, and she released the vehicle to Plaintiff Gongoria without receiving or requesting
7  any paperwork or fees.  (*Id.*)

8        On November 5, 2007, Defendant Sotelo went to the impound lot and learned that the vehicle
9  had been released.  (*Id.* at 2-3.)  Defendant Dorame told him that Plaintiffs had presented a release
10 document, but the document was no longer in the file.  (*Id.* at 3.)  Defendant Sotelo assumed that
11 Plaintiffs had presented false documents to Defendant Dorame, and then took the documents with
12 them.  (*Id.*)  Defendant Sotelo filed a probable cause affidavit stating Plaintiffs had committed fraud,
13 burglary, forgery and obtaining property by false pretenses.  (*Id.*)

14       On November 6, 2007, Defendant Sotelo and other member of the NTF stopped Plaintiff
15 Gongoria's vehicle and arrested Plaintiffs.  (*Id.*)   The following day, Plaintiffs appeared in Juvenile
16 Court, and the Court informed them that it would have released the children back to Plaintiff Cuen
17 absent the second arrest.  (*Id.*)  In light of that arrest, the children were not returned until January 28,
18 2008. (*Id.* at 4.)

19       The criminal case arising out of the return of the vehicle was dismissed on May 23, 2008.
20       (*Id.*)

21       On October 31, 2008, Plaintiffs filed the present case against Defendants Sotelo, Dorame,
22 James Tucker, individually and doing business as J.T. Towing, and the County of Imperial in El
23 Centro Superior Court.  The original complaint alleged claims for negligence, false imprisonment,
24 battery, assault and malicious prosecution.  The Superior Court entered defaults against Defendants
25 Dorame and Tucker on January 12, 2009, and May 15, 2009, respectively.

26 / / /
27 / / /
28 / / /

///

On July 14, 2009, Plaintiffs filed a Second Amended Complaint in Superior Court.[1] That complaint reasserted the claims of negligence, false imprisonment, battery and assault, but deleted the malicious prosecution claim and added a claim for violation of the Unruh Act against Defendants Sotelo and the County, as well as the State of California.

On August 6, 2009, Plaintiffs filed a Third Amended Complaint in Superior Court, which realleged the claims in the Second Amended Complaint and added a claim for violation of 42 U.S.C. § 1983 against Defendants Sotelo and the County. The Third Amended Complaint also dropped the State of California as a Defendant. Plaintiffs did not serve a copy of the Third Amended Complaint on Defendant Tucker or Dorame.

On August 31, 2009, Defendant Sotelo removed the case to this Court, with the consent of Defendant County of Imperial. In response, Plaintiffs filed the present motion to remand. Defendants Sotelo and County of Imperial have since filed a motion to dismiss, which is currently scheduled for hearing on December 4, 2009.

## II.

## DISCUSSION

Plaintiffs assert Defendants failed to comply with the unanimity requirement for removal, therefore the case should be remanded to state court.[2] Specifically, Plaintiffs argue Defendants failed to obtain the consent of Defendants Dorame and Tucker. Defendants respond that they did not need to obtain the consent of these Defendants because the Superior Court entered their defaults, and Plaintiffs failed to serve them with a copy of the Third Amended Complaint.

---

[1] Although Plaintiffs titled this document "Second Amended Complaint," it appears to have been the first amendment, and therefore, should have been titled "First Amended Complaint." For the sake of consistency and ease of reference, the Court will refer to this document as the "Second Amended Complaint." The same applies to the Third Amended Complaint.

[2] Plaintiffs also argue the case should be remanded because El Centro Superior Court is a more convenient forum for the litigation. This argument, however, does not provide grounds for remand. Accordingly, the Court will not discuss that argument further in this Order.

It is settled law that "[a]ll defendants must join in a removal petition with the exception of nominal parties." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-33 (9th Cir. 1986) (citations omitted). "This general rule applies, however, only to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Here, Plaintiffs failed to serve a copy of the Third Amended Complaint on Defendants Tucker and Dorame. Therefore, these Defendants were not required to consent to the removal.

Plaintiffs argue that their failure to serve Defendants Tucker and Dorame with the Third Amended Complaint does not relieve the other Defendants from obtaining their consent to the removal because, at the time of removal, the defaulted Defendants could have moved to set aside the defaults. The opportunity to set aside the defaults, however, does not cure Plaintiffs' failure to serve the Third Amended Complaint on these Defendants, and it is the Third Amended Complaint that gave rise to the removal. Plaintiffs' decision to withhold service of the Third Amended Complaint on the Defaulted Defendants is a strong indicator that Plaintiffs intend to rely on the defaults rather than litigate their claims against these Defendants. Under these circumstances, Defendants Sotelo and the County were not required to obtain the consent of Defendants Tucker and Dorame to the removal of this case. Their explanation for failing to obtain the consent of these Defendants is sufficient.

### III.
### CONCLUSION

In light of the above, the Court finds there was no defect in the removal of this case from state court. Accordingly, Plaintiffs' motion to remand is denied.

**IT IS SO ORDERED**.

DATED: November 20, 2009

_____
HON. DANA M. SABRAW
United States District Judge